COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


WILLIAM SCOTT

                                                            MEMORANDUM OPINION[*]
v.        Record No. 0458-05-2                                    PER CURIAM
                                                              AUGUST 23, 2005
SPOTSYLVANIA DEPARTMENT
 OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                          J. Peyton Farmer, Judge Designate

           (John L. Mahoney, on brief), for appellant.

           (Joseph A. Vance, IV; Vance & Associates, on brief), for appellee.


        William Scott appeals the trial judge's decision terminating his residual parental rights to

his daughter, born June 18, 2002.  Scott contends that:  (1) the Spotsylvania Department of

Social Services (DSS) failed to meet its burden under Code § 16.1-283(C) to offer Scott

"reasonable and appropriate services" during his incarceration; and (2) the trial court erred in

terminating Scott's parental rights.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  See Rule 5A:27.

                                       Background

        On appeal of an action to terminate parental rights, we view the evidence in the light

most favorable to the prevailing party below, and we grant to that evidence all reasonable

inferences therefrom.  See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128,

409 S.E.2d 460, 462 (1991).  The trial court's judgment will not be disturbed on appeal unless

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"plainly wrong or without evidence to support it." M. G. v. Albemarle County Dept. of Social Servs., 41 Va. App. 170, 180-81, 583 S.E.2d 761, 766 (2003).

So viewed, the evidence established that Scott was in prison at the time of the child's birth and was unaware that he was her father. Scott learned that he was the child's father in October 2003 as the result of a paternity test performed by DSS. Subsequent to that time, he has had no contact with her except for one visit in a holding cell arranged by DSS at Scott's request. According to expert testimony, he and the child have "absolutely no bond."

The child, now three years old, has been in the same foster home since she was three months old and has become attached to her caregiver. According to the social worker who prepared the child's permanency assessment, the child has "thrived" in her foster care environment and the foster mother would like to adopt her.

Scott has been incarcerated since January 2002 on grand larceny charges and anticipates his release in 2005 or 2006. Prior to his most recent incarceration, he was in jail from August 1997 to April 2000 for breaking and entering, and has a juvenile record as well. Scott expresses a desire to assume custody of the child upon his release, and has completed a four-hour fatherhood program. However, he has no specific plans as to how he intends to support the child and has no relatives who are willing to care for her.

Discussion

I.

On appeal, Scott contends that the trial court erred by failing to require DSS to offer services to him designed to remedy the reasons for the child's removal. "Reasonable and appropriate efforts must be made to assist a delinquent parent in remedying the conditions that lead to a parent's temporary relinquishment of the children to the care of the department. The offer of such assistance is a prerequisite to termination of parental rights." Cain v.

- 2 -

Commonwealth, 12 Va. App. 42, 45, 402 S.E.2d 682, 683 (1991) (citations omitted). However, "'reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992).

In this case Scott's parental rights were terminated under Code § 16.1-283(C)(2). That section states in pertinent part as follows:

> The residual parental rights of a parent or parents of a child placed in foster care as a result of court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:
>
> \*      \*      \*      \*      \*      \*      \*
>
> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

Whether services must be offered to an incarcerated parent was addressed by this Court in Harrison v. Tazewell County Dep't of Soc. Servs., 42 Va. App. 149, 590 S.E.2d 575 (2004). There, we stated

> we find no merit in [the father's] contention . . . that Code § 16.1-283(C)(2) required the Department to offer him services during his incarceration. It would be patently unreasonable to require the Department, under such circumstances, to continue to

- 3 -

> offer such services. . . .  [A]s long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child.

Id. at 163-64, 590 S.E.2d at 583.

Here, any services offered by DSS during Scott's incarceration would not have assisted him in creating a bond with a child who has never known any other parent than her foster mother.  As the trial court's finding was not plainly wrong or without evidence to support it, Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986), we will not disturb the trial court's finding that DSS fulfilled its duties under Code § 16.1-283(C)(2).

## II.

Scott also argues that the trial court lacked sufficient evidence to terminate his parental rights.  When considering termination of a parent's residual rights to a child, "the paramount consideration of a trial court is the child's best interests."  Logan, 13 Va. App. at 128, 409 S.E.2d at 463.  On review, "[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests."  Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990).

"While we are mindful of the principle that "'the termination of residual parental rights is a grave, drastic and irreversible action,'" we "'presume the trial court has thoroughly weighed all the evidence and considered the statutory requirements.'"" Harrison, 42 Va. App. at 159-60, 590 S.E.2d at 581 (citations omitted).  "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The evidence in this case proved that beyond the biological fact of parentage, no relational history existed between the child and Scott. Scott was not aware that he was the child's father until DSS contacted him in 2003, and he never developed any relationship with the child. In addition, the evidence is undisputed that placement with Scott's relatives is not an option and that the child has an opportunity for adoption by a foster mother who has cared for her since she was an infant. While Scott's incarceration, standing alone, is not sufficient to support the trial court's termination of his parental rights, see Ferguson, 14 Va. App. at 340, 417 S.E.2d at 5, "it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Id. By the same token, Code § 16.1-283(C)(2) contains no excuse for a parent's failure to remedy the conditions leading to foster care because he has been incarcerated for over twelve months subsequent to the child's placement in foster care.

We hold that the record supports the trial judge's finding that DSS proved by clear and convincing evidence that the best interests of the child would be served by terminating Scott's parental rights pursuant to Code § 16.1-283(C). Accordingly, we summarily affirm the decision. See Rule 5A:27.

Affirmed.